

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| MANUEL LIRIANO DE LA CRUZ,<br>　　　　Petitioner, | §<br>§<br>§ | |
| vs. | § | Civil Action No. 4:23-cv-01758-MGL |
| | § | |
| WARDEN JANSON,<br>　　　　Respondent, | §<br>§<br>§ | |

**ORDER ADOPTING THE REPORT AND RECOMMENDATION
AND DISMISSING PETITION WITHOUT PREJUDICE
AND WITHOUT REQUIRING RESPONDENT TO FILE A RETURN**

Petitioner Manuel Liriano De La Cruz (Cruz), proceeding pro se, filed a petition for writ of habeas corpus (Cruz's Petition) under 28 U.S.C. § 2241 against Respondent Warden Janson (Janson). His petition challenges what he alleges is the Federal Bureau of Prisons' (BOP) policy prohibiting inmates subject to deportation from earning good time credits under the First Step Act, 18 U.S.C. § 3632(d)(4).

This matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge recommending the Court dismiss Cruz's Petition without prejudice and without requiring Janson to file a return. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo

determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions.  28 U.S.C. § 636(b)(1).  The Court need not conduct a de novo review, however, "when a party makes general and conclusory objections that do not direct the court to a specific error in the [Magistrate Judge's] proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

The Magistrate Judge filed the Report on May 2, 2023.  The Clerk's Office docketed Cruz's objections on June 5, 2023.

The Magistrate Judge based his recommendation on a change to BOP policy that allows those with unresolved immigration status to earn First Step Act Time Credits (FTCs).  *See Change Notice: First Step Act of 2018 – Time Credits: Procedures for Implementation of 18 U.S.C. § 3632(d)(4), Program Statement 5410.01*, BOP, at 3 (March 10, 2023) (striking language that stated "while inmates with unresolved pending charges and/or detainers may earn FTCs, if otherwise eligible, they will be unable to apply them to prerelease custody or release to supervision unless the charges and/or detainers are resolved.  An inmate with an unresolved immigration status will be treated as if he/she has unresolved pending charges with regard to the application of FTCs.").

The Magistrate Judge determined that, because of the change, Cruz's assertion in his complaint that administrate exhaustion is futile was no longer true, even if it had been before the change.

Cruz posits the Magistrate Judge erred in this determination because although the change to BOP policy allows inmates with unresolved immigration status to apply good time credits, it fails to address inmates with final orders of deportation.

2

As an initial matter, the Court notes that Cruz's Petition fails to allege he is subject to a final order of deportation. For the purposes of its discussion, the Court assumes he is.

"As a general rule, in the absence of 'exceptional circumstances where the need for the remedy afforded by the writ of habeas corpus is apparent, courts 'require[ ] exhaustion of alternative remedies before a prisoner can seek federal habeas relief.'" *Timms v. Johns*, 627 F.3d 525, 530–31 (4th Cir. 2010) (internal citations omitted)

Generally, courts refrain from excusing a petitioner's failure to exhaust his remedies before filing a Section 2241 petition unless he can show cause and prejudice. *See, e.g.*, *Carmona v. U.S. Bureau of Prisons*, 243 F.3d 629, 634 (2d Cir. 2001) ("The interests of judicial economy and accuracy are served by requiring that, absent a showing of cause and prejudice, appeals proceed in the first instance through the federal agency review process." (citing cases from the Third, Seventh, and Ninth Circuits)). The Fourth Circuit has also adopted this standard in an unpublished opinion. *McClung v. Shearin*, 90 F. App'x 444, 445 (4th Cir. 2004) (citing *Carmona*).

Application of First Step Act credits would result in a one-year reduction in Cruz's sentence. But, it appears Cruz is in no danger of overserving his sentence, as his release date is currently April 27, 2029. *See United States v. Cruz*, Criminal No. 3:12-00293-JAG-1, Government's Response in Opposition to Cruz's Motion for Compassionate Release, ECF No. 55 (D.P.R. Aug. 22, 2022) (listing his release date as of that filing).

Accordingly, Cruz has failed to show prejudice. Because both cause and prejudice are required, the Court need not look further. *See Karsten v. Kaiser Found. Health Plan of Mid-Atlantic States, Inc.*, 36 F.3d 8, 11 (4th Cir. 1994) ("If the first reason given is independently sufficient, then all those that follow are surplusage; thus, the strength of the first makes all the rest

dicta."). Thus, Cruz must allow BOP the opportunity to address the issue. Therefore, the Court will overrule Cruz's objection.

After a thorough review of the Report and the record in this case under the standard set forth above, the Court overrules the objections, adopts the Report to the extent it does not contradict this order, and incorporates it herein. Therefore, it is the judgment of the Court Cruz's Petition is **DISMISSED WITHOUT PREJUDICE** and without requiring Janson to file a return.

To the extent Cruz seeks a certificate of appealability, that request is **DENIED**.

**IT IS SO ORDERED**.

Signed this 12th day of October 2023, in Columbia, South Carolina.

s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE

*****
**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this Order within sixty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.